IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CV-129-BO

| | | |
|---|---|---|
| FERNANDO A. TEJADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on these motions before the undersigned on August 8, 2018 at Wilmington, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action in accordance with 42 U.S.C. § 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On May 14, 2015, plaintiff protectively filed his application, alleging disability beginning November 10, 2014. After initial denial and reconsideration, a hearing was held before an ALJ on September 29, 2016. On March 1, 2017, the ALJ issued an unfavorable ruling, finding that plaintiff could do light work with limitations. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks

2

whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

Here, the ALJ found at step one that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date through his date last insured. Plaintiff's degenerative disc disease, obesity, residual symptoms of a traumatic brain injury and anxiety disorder were all found to be severe impairments at step two, but did not meet or equal a Listing at step three. The ALJ did not find that plaintiff's post-traumatic stress disorder ("PTSD") was a serious impairment. At step four, the ALJ found plaintiff had the RFC to perform light work with additional non-exertional limitations, and could not return to any past relevant work. At step five, the ALJ determined, with the testimony of a vocational expert, that there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The ALJ's findings are not supported by the record. The ALJ failed to account for plaintiff's disability rating from the VA, as well as the medical evidence in support of that rating. "A VA disability determination must be accorded substantial weight in Social Security disability

3

proceedings." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 345 (4th Cir. 2012). Only when the record clearly demonstrates deviation is appropriate can an ALJ disregard the VA finding. *Id.* at 343.

Here, the ALJ disregarded the VA determinations without support from the record. Effective June 10, 2015, plaintiff was granted a 100% service-connected disability rating. The ALJ gave this rating only some weight, and did not give good reasons for disregarding it.

First, the ALJ failed to find that plaintiff's PTSD and depression did not constitute severe impairments at step two. The Commissioner argued that by including a generalized anxiety disorder, the ALJ accounted for plaintiff's impairments, but this is not supported by the record, because, as discussed below, the ALJ also disregarded the treatment findings regarding those impairments.

Second, the ALJ did not give plaintiff's medical opinions proper weight. Treating physicians' opinions generally merit greater weight, unless they are unsupported by clinical evidence or otherwise inconsistent. *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Here, the ALJ neither gave Dr. Bastien, plaintiff's treating physician, greater weight nor identified a treating record that would support discounting her opinion. This was error, especially because Dr. Bastien diagnosed plaintiff with the PTSD the ALJ declined to find to be serious. Dr. Jindrich, who found that plaintiff had been medically discharged from the VA for PTSD, cognitive disorder, NOS, depressive disorder, NOS, and sleep disorder, was also given little weight. The ALJ did not provide a valid justification for rejecting this opinion.

The ALJ declined to give the VA disability rating proper weight, finding that it was not supported by the record. In order to do so, the ALJ also discounted the medical opinion that led

4

to the VA determination, finding that it was not supported by the record. And in order to make that finding, the ALJ also discounted the medical opinion of plaintiff's treating physician, finding that it was not supported by the record. The record the ALJ cites to reach the conclusion here, then, is possible only after all of the evidence that shows the conclusion to be faulty is discounted.

Finally, the Commissioner's arguments for discounting the VA disability rating are arguments against giving weight to VA ratings in Social Security proceedings generally, not in this specific case. "VA disability ratings are based on objective medical criteria without reference to whether or not the Plaintiff remains capable of performing some kind of substantial gainful activity." [DE 23 at 18-19]. The law in this Circuit, though, requires that these ratings be given great weight, unless the evidence clearly indicates they should not be. *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018). That standard has not been met here, and accordingly, the Court holds that the ALJ's decision is unsupported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as plaintiff is clearly disabled. The record properly supports such a finding. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 22] is DENIED. The matter is REMANDED to the Commissioner for an award of benefits.


SO ORDERED, this **15** day of August, 2018.

                                                  TERRENCE W. BOYLE
                                                  UNITED STATES DISTRICT JUDGE